UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-57

| | |
|---|---|
| MATTHEW DILLARD, Administrator )<br>of the Estate of Melissa Rice, )<br>      Plaintiff, )<br>v. )<br>CHIP HALL, in his official capacity as )<br>Sherriff of Jackson County; WESTERN )<br>SURETY COMPANY, surety for the )<br>Sheriff; PATRICK McCOY, in his )<br>official and individual capacity; )<br>RIDGE PARRIS in his official )<br>and individual capacity; STEPHEN )<br>WATSON, in his official and individual )<br>capacity; ANIYAH McMULLEN, )<br>in her official and individual capacity, )<br>EMILY COUVILLON, in her official )<br>and individual capacity; )<br>SHONDRA COLLINI, in her official )<br>and individual capacity; MARK )<br>JUNALUSKA, in his official and )<br>individual capacity; JUSTIN )<br>NICHOLSON, in his official and )<br>individual capacity, and KAYLA )<br>ELLIOTT, in her official and )<br>Individual capacity; KAITLYN )<br>BRADLEY, in her official and )<br>Individual capacity. )<br>      Defendants ) | **PROTECTIVE ORDER** |

      Plaintiff and defendants, by and through their undersigned counsel, and the North Carolina State Bureau of Investigation (hereinafter referred to as "SBI"), by and through its undersigned counsel, requests and stipulate to the entry of this consent order allowing release of SBI Case No. 2019-00182 to counsel for the Plaintiff(s) and Defendant(s), pursuant to N.C. Gen. Stat. § 132-1.4.

      Counsel for the Plaintiff(s) and Defendants, and counsel for the SBI further stipulate and agree to the following statements of fact which authorize this court's entry of the consent order:

1

1. Plaintiff and Defendants request the SBI Case file to assist in their prosecution and defense of the lawsuit filed by the Plaintiff.

2. The SBI Case file material is relevant to the subject matter involved in the case before this court.

3. Counsels for the parties have been notified that there are no pending criminal charges related to this matter and the District Attorney's office has notified the SBI of the same information.

4. Counsel for the SBI, after reviewing this file, has determined that she has no objections to turning over the material requested to counsel for the parties in response to their request for the following reasons:

> A. No policy reason exists for denial of the request of counsel of the parties for production of these materials;
>
> B. There is no prejudice to the SBI by releasing this material;
>
> C. There are no identities of persons contained in the materials which need to be protected;
>
> D. Any criminal investigation which might have been the subject of this file has been concluded with no criminal charges presently pending; and
>
> E. The interest of the State of North Carolina is not prejudiced in any way by the release of these materials to the counsel for the parties.

5. Except as may be otherwise provided by further order of the Court, documents contained within the SBI file shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in Paragraph 6 below.

6. Access to and the use of any documents, or any part thereof, designated as part of the SBI file shall be limited to:

A. the Court;

B. the parties and attorneys of record for the parties;

C. court-appointed mediators;

D. consultants and technical experts involved in the preparation of this action;

E. court reporters, their transcribers, assistants, and employees;

F. any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in this case; and

G. the jury.

7. Counsel may make copies of the SBI file materials for Plaintiff or Defense experts upon receiving from said experts a written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of the Plaintiff or Defense experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiff or Defense counsel. By signing the declaration agreeing to be bound by this Protective Order, each of the Plaintiff or Defense experts submits himself or herself to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

8. Individuals who are permitted access to the SBI materials pursuant to Paragraph 6 are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, of any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order.

9. Any document designated part of the SBI file and filed with the Court, and any brief referring to such document shall be filed under seal and shall be made available only to

Plaintiff, Defendants, and/or persons authorized by the terms of this Protective Order to have access thereto. The party filing any such document shall be responsible for designating to the Clerk that it is subject to this Protective Order and is to be kept under seal. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying:

(a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;

(b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

(c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

(d) the reasons why alternatives to sealing are inadequate; and,

(e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. Said party shall also serve a copy of said motion upon legal counsel for the SBI.

10. At the conclusion of this litigation, each document produced by the SBI and subject to this Protective Order shall be destroyed or returned to Counsel for the SBI for destruction.

IT IS THEREFORE, ADJUDGED, AND DECREED that the undersigned counsel for the State Bureau of Investigation produce a copy of SBI File 2019- 00182 to the parties of record listed below.

W. Carleton Metcalf
United States Magistrate Judge

Signed: March 28, 2020

**AGREED TO BY:**

    /s/ JENNIFER *JOY STRICKLAND*
Jennifer Joy Strickland
State Bar No. 25695
North Carolina State Bureau of Investigation
Post Office Box 29500
Raleigh, North Carolina 27626
*Deputy General Counsel for the North
Carolina State Bureau of Investigation*



    */s/ THOMAS F. RAMER*
Thomas F. Ramer
Ganly & Ramer, PLLC
State Bar No. 25695
61 N. Market Street
Asheville, North Carolina 28801
*Counsel for Plaintiff*


    /s/ *PATRICK FLANAGAN*
Patrick Flanagan
State Bar No. 14704
Cranfil, Sumner & Hartzog
2907 Providence Road, Suite 200
Charlotte, North Carolina 28211
*Counsel for Defendants Hall, McCoy, Parris, Watson
Couvillion, Junaluska, Nicholson, and Bradley*