**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00057-MR-WCM**

| | |
|---|---|
| **MATTHEW DILLARD, Administrator** ) | |
| **of the Estate of Melissa Rice,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| **CHIP HALL, in his official capacity** ) | |
| **as Sheriff of Jackson County, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Consent Motion to File Under Seal [Doc. 39] and the Defendants' Consent Motion to Seal [Doc. 41], as amended [Doc. 46].

The parties move for leave to file under seal certain exhibits related to their summary judgment filings. [Docs. 39, 41, 46]. The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id.

at 265-66 (quoting in part <u>Rushford v. New Yorker Magazine, Inc.</u>, 846 F.2d 249, 253 (4th Cir. 1988)).  The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" <u>Id.</u> at 266 (quoting in part <u>In re Wash. Post Co.</u>, 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."  <u>Ashcraft v. Conoco, Inc.</u>, 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motions.  The parties' initial motions were filed on May 17, 2021, and they have been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the exhibits at issue reference personal medical information of the decedent as well as SBI investigative material that is protected by North Carolina from public disclosure, and that

2

the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of these exhibits is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS THEREFORE ORDERED** that the Plaintiff's Consent Motion to File Under Seal [Doc. 39] is **GRANTED**, and pages 7 and 8 of Plaintiff's Exhibit 1 [Doc. 61-1] and Plaintiff's Exhibit 2 [Doc. 61-2] shall remain under seal until further Order of this Court.

**IT IS FURTHER ORDERED** that the Defendants' Consent Motion to Seal [Doc. 41], as amended [Doc. 46], is **GRANTED**, and Exhibits 5 and 10 to the Defendants' Summary Judgment Brief [Docs. 48, 49] shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: September 27, 2021

Martin Reidinger
Chief United States District Judge

3